## BEDINGFIELD v. MORALES, et ux.

Circuit Court, Dade County.

May 19, 1952.

John C. Wynn, Miami, for plaintiff.

Dixon, DeJarnette & Bradford, Miami, for defendants and the Hartford Accident & Indemnity Co.

Leo M. Alpert, Miami, for the Fidelty & Casualty Co. of New York.

J. FRITZ GORDON, Circuit Judge.

On August 18, 1951, the plaintiff Emma D. Bedingfield sustained injuries when defendants' car crushed her lower limbs against the wall of a building. Both parties agreed that the cause be tried by the court without a jury.

I have heard the testimony of the plaintiff and other witnesses in her behalf. I find that Freida Morales, driver of the defendants' car, was guilty of negligence when she ran the vehicle into and against the plaintiff. Plaintiff is entitled to recover damages from the defendant Freida Morales and her husband, the defendant Richard D. Morales.

Plaintiff sustained permanent injuries. Her left leg has been amputated at the knee, her right leg received multiple fractures and most of the muscle and flesh torn from it rendering it practically useless.

Before and at the time of the accident plaintiff, aged 32, was employed as a waitress and car-hop earning an average $65 weekly with which she supported herself and two children. Permanently and totally disabled, she cannot work for a living, and has no other means of livelihood.

Defendants carried personal injury liability insurance with the Hartford Accident & Indemnity Co. in the maximum amount of $25,000. The insurance company, represented at the trial by counsel who also represent defendants, is ready and willing to pay plaintiff the full amount of such insurance.

Both defendants were called as witnesses for the plaintiff. They testified as to their earnings, financial worth and the amount of liability insurance they carried.

Plaintiff and defendants testified they had reached an agreement pursuant to which, subject to the approval of the court, defendants would pay plaintiff $7,000 in addition to the $25,000 insurance in full settlement of the suit.

I find that such a settlement is in the best interest of the plaintiff, and I approve the settlement. While there is little doubt plaintiff would recover a much larger verdict were the case to go to a jury, it appears improbable from the evidence that she would *collect* more than $25,000.

Plaintiff was employed by Colonel Jim's Trail, Inc. at the time of the accident. The Fidelity & Casualty Co. of New York was her employer's workmen's compensation insurance carrier. I find that she was injured in an accident arising out of and in the course of her employment.

The compensation carrier has paid workmen's compensation to the plaintiff and has paid, and obligated itself to pay, medical benefits. Because plaintiff has not reached her maximum recovery the carrier's full liability for workmen's compensation and medical benefits cannot be determined at this time.

It is therefore ordered that the plaintiff have and recover from the defendants the sum of $32,000 together with $22.50 costs, for which let execution issue — unless the defendants pay to the clerk of the court the sum of $32,000, to await further orders of the court as to its distribution as between plaintiff and the Fidelity & Casualty Co. of New York.

Upon payment of $32,000 and $22.50 costs to the clerk of the court by defendants and/or the Hartford Accident & Indemnity Company they and each of them shall stand fully discharged of all liability hereunder and this judgment shall be satisfied in full.

The court retains jurisdiction of the cause for the purpose of holding a hearing at a later date at which time plaintiff and the Fidelity & Casualty Co. of New York can be heard before the court, after notice given to each, and the court determine the amount paid by the company for workmen's compensation and medical benefits and the extent of its right of subrogation to the proceeds recovered by plaintiff under this judgment, and fix the amount of a reasonable attorney's fee for plaintiff's attorney and direct the payment thereof, and order distribution of such proceeds as between plaintiff and the company, all as provided in section 440.39, Florida Statutes 1951.